UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-80158-CMA/Reid

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANTONIO DANIEL LAING,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the Court upon the Order of Referral from the Honorable Cecilia M. Altonaga [ECF No. 32] to conduct a Change of Plea Hearing for Defendant Antonio Daniel Laing. The Court having conducted the Change of Plea Hearing on March 11, 2025, to determine whether Defendant has knowingly and voluntarily entered a guilty plea, **RECOMMENDS** that Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit Defendant to enter a change of plea. At the outset of the hearing, Defendant was advised of his right to have these proceedings conducted by the district judge assigned to his case. Additionally, it was explained that the district judge assigned to this case would be the sentencing judge and conduct the sentencing hearing and would make all findings and rulings concerning Defendant's sentence and decide whether to accept the Government's recommendations as to sentencing.

    2.    Defendant was informed that he did not have to permit a federal magistrate judge to conduct the Change of Plea Hearing and could request that the Change of Plea Hearing be

conducted by the district judge assigned to the case. Defendant, his attorney, and the Government all consented on the record to the Undersigned conducting the hearing.

3. Further, the Undersigned inquired into whether Defendant had ever been treated for mental health or addiction issues, and whether he was under the influence of any prescribed or proscribed substances at the time of the Hearing. He denied any mental health or addiction issues and stated he was able to fully understand the proceedings. Based on Defendant's responses to these inquires, the Court determined Defendant was competent and able to fully understand the proceedings.

4. The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

5. The parties have entered into a written plea agreement in this case. The Undersigned reviewed the plea agreement on the record and Defendant acknowledged on the record that he had signed and understood it.

6. Defendant pleaded guilty to Count 1 of the Indictment, which charges the defendant with Illegal Reentry by a Deported Alien, in violation of Title 8, United States Code, Section 1326(a).

7. The Government stated on the record a factual basis for the entry of the plea that included all essential elements of the offense to which Defendant is pleading guilty and any sentencing enhancement and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the Government's factual proffer, to assure that a factual basis for the entry of the plea exists. Defendant assented to the accuracy of the proffer and acknowledged his participation in the offense.

8. Further, the Court reviewed with Defendant the possible maximum penalties for the charged offense. Defendant acknowledged that he understood these possible penalties.

Defendant was advised that the Court may impose a statutory maximum term of imprisonment of up to two years' imprisonment, followed by a term of supervised release of up to one year. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 and may order forfeiture and restitution. Defendant further understood that, in addition to any sentence imposed, a special assessment in the amount of $100 will be imposed. Defendant agreed that if he is financially unable to pay the special assessment at sentencing, he will present evidence to the Government and the Court as to his reasons for his failure to pay.

9. Defendant recognized that pleading guilty may have consequences with respect to his immigration status if Defendant is not a United States citizen. Defendant affirmed that he still wanted to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is Defendant's automatic removal from the United States.

10. Defendant acknowledged that he had reviewed the Indictment, discussed the charge against him with his attorney, and was satisfied with the legal representation he received, and had a full opportunity to discuss the facts of the case with his attorney.

11. Based upon the foregoing and the plea colloquy conducted by the Court, it is recommended that Defendant be found to have freely and voluntarily pleaded guilty as to Count 1 of the Indictment and that Defendant be adjudicated guilty of the offense charged.

12. A pre-sentence investigation report is being prepared. Sentencing will be set before Chief District Judge Cecilia M. Altonaga.

## **CONCLUSION**

For the foregoing reasons, it is **RECOMMENDED** that Defendant's guilty plea be accepted, Defendant be adjudicated guilty as to Count 1 of the Indictment to which he has entered a plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter.

Objections to this Report may be filed with the district judge within **THREE** days of receipt of a copy of the Report. Failure to timely file objections waives a party's right to review issues related to Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals. *See* Fed. R. Crim. P. 59(b)(1), (2); 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 11th day of March, 2025.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **United States District Judge Cecilia M. Altonaga;
All Counsel of Record**